# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5702-16T1

STATE OF NEW JERSEY
IN THE INTEREST OF T.D.

_____

Argued October 15, 2018 – Decided October 30, 2018

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FJ-18-0301-17.

Stephanie P. Tettemer argued the cause for appellant T.D.

Paul H. Heinzel, Assistant Prosecutor, argued the cause for respondent State of New Jersey (Michael H. Robertson, Somerset County Prosecutor, attorney; Paul H. Heinzel, of counsel and on the brief).

PER CURIAM

After pleading guilty, T.D. – who was almost seventeen years old at the time of the incidents – appeals from three juvenile adjudications for acts that, if committed as an adult, would constitute first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); second-degree sexual assault, N.J.S.A. 2C:14-2(b); and

third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1). We affirm.

The plea agreement contemplated that T.D. would register under Megan's Law.[1] At the dispositional hearing, the judge followed the agreement and imposed that requirement. T.D. then underwent a psychological evaluation to perform a risk assessment and develop a treatment plan. After the disposition, T.D's counsel received the doctor's report. The doctor opined that T.D. was at a low-risk to reoffend, recommended a treatment plan, and concluded T.D.'s prognosis was good.

T.D. then filed a motion before the judge seeking reconsideration of the requirement that he register under Megan's Law. As part of that motion, T.D.'s counsel certified that the doctor offered new evidence, and urged the judge to eliminate the registration requirement of the sentence. The judge correctly declined to hear the motion because of this pending appeal. We then denied T.D.'s request for a stay.

On appeal, defendant raises the following arguments:

> POINT I
> JUVENILE JUSTICE CODE MEGAN'S LAW PROVISIONS VIOLATE THE LEGISLATIVE INTENT OF REHABILITATION AS THE PRIMARY

---

[1] N.J.S.A. 2C:7-1 to -23.

PURPOSE OF THE NEW JERSEY JUVENILE JUSTICE CODE.

POINT II
MANDATORY LIFETIME REGISTRATION REQUIREMENTS FOR JUVENILES BASED UPON AGE ARE UNCONSTITUTIONAL.

POINT III
THE DENIAL TO T.D. OF ANY OPPORTUNITY FOR A HEARING AFTER FIFTEEN YEARS OF SUPERVISION, PRIOR TO BEING REQUIRED TO REGISTER FOR LIFE AND BE SUPERVISED OR SANCTIONED FOR NON-COMPLIANCE, IS CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE FEDERAL AND STATE CONSTITUTIONS.

POINT IV
THE DISPROPORTIONATE PUNISHMENT IMPOSED DENIES THIS JUVENILE PROPER CONSIDERATION OF ITS YOUTH AND ATTENDANT CONSIDERATIONS.

The crux of these contentions challenges the constitutionality of N.J.S.A. 2C:7-2(g)'s permanent lifetime registration and notification requirements as applied to juvenile offenders. N.J.S.A. 2C:7-2(g) provides:

> A person required to register under this section who has been convicted of, adjudicated delinquent, or acquitted by reason of insanity for more than one sex offense as defined in subsection b. of this section or who has been convicted of, adjudicated delinquent, or acquitted by reason of insanity for aggravated sexual assault pursuant to subsection a. of [N.J.S.A.] 2C:14-2 or sexual assault pursuant to paragraph (1) of subsection

c. of [N.J.S.A.] 2C:14-2 is not eligible under subsection f. of this section to make application to the Superior Court of this State to terminate the registration obligation.

Since the filing of T.D.'s appeal, our Supreme Court issued its decision in In re State ex rel. C.K., 233 N.J. 44 (2018). In C.K., the Court concluded that "subsection (g)'s lifetime registration and notification requirements as applied to juveniles violate the substantive due process guarantee of Article I, Paragraph 1 of the New Jersey Constitution." Id. at 48.

The parties agree that C.K. renders T.D.'s argument as to subsection (g) moot. T.D. acknowledges, as the Court stated in C.K., that under N.J.S.A. 2C:7-2(f), he is not entitled to release from his registration and notification requirements unless a Superior Court judge is "persuaded that he has been offense-free and does not likely pose a societal risk after a fifteen-year look-back period." C.K., 233 N.J. at 48. Therefore, the parties concede that T.D. has an opportunity in the future to seek termination of the Megan's Law requirements under N.J.S.A. 2C:7-2(f).

T.D. however, urges us to consider the reconsideration motion that the judge declined to hear. He maintains that the doctor's report provides new evidence that should relieve him now of his Megan's Law obligations. T.D. contends that Megan's Law is otherwise unconstitutional "on the basis of its

punitive aspects." We decline to adjudicate his motion in the first instance. C.K. resolves T.D.'s appeal to us. As for his reconsideration motion, he may renew his arguments before the Law Division judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5702-16T1